```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA            :
                                    :
                                    :      92 cr 609(KMW)
                                    :      Order
          -against-                 :
                                    :
LILY SCHMIDT                        :
                                    :
                    Defendant.      :
------------------------------------X
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/22/08

WOOD, U.S.D.J.:

Defendant moves for a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(2). Defendant argues that: (1) Amendment 709 to the United States Sentencing Guidelines (the "Sentencing Guidelines") should be applied retroactively;[1] and (2) when applied retroactively, Amendment 709 warrants a reduction in Defendant's sentence. For the reasons set forth below, Defendant's motion is DENIED.

Pursuant to 18 U.S.C. § 3582(c)(2), a district court may reduce a defendant's sentence of imprisonment by applying an amendment to the Sentencing Guidelines retroactively, but only if "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). According to the Sentencing Commission's applicable policy statement, "a reduction in the defendant's term of

---

[1] Although Defendant cites Amendment 9 and Amendment 12 to the Sentencing Guidelines, it is clear from her submission that the amendment she refers to is Amendment 709.

imprisonment under 18 U.S.C. § 3582(c)(2)" is authorized only if an amendment is listed in Sentencing Guideline § 1B1.10(c). See U.S.S.G. § 1B1.10(a). Because Amendment 709 is not listed in Sentencing Guideline § 1B1.10(c),[2] the Court may not reduce Petitioner's sentence. See United States v. Maddox, No. 03 Cr. 92, 2008 WL 2773781, at *3 (W.D.N.C. July 14, 2008) (holding that Amendment 709 cannot be applied retroactively); Muhammed v. United States, No. 90 Cr. 0304, 2008 WL 2038840, at *2-3 (D.N.J. May 9, 2008) (same); United States v. Rigsbee, No. 05 Cr. 217, 2008 WL 254959, at *1 (E.D. Cal. Jan, 29, 2008) (same).[3]

Accordingly, Defendant's motion for a modification of her sentence is denied.

SO ORDERED.

DATED: New York, New York
July 21, 2008

*signature*

KIMBA M. WOOD
United States District Judge

---

[2] The listed amendments are 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, and 715.

[3] Although Defendant argues that the Court may apply Amendment 709 retroactively pursuant to United States v. Booker, 543 U.S. 220 (2005), "[n]othing in [Booker] purported to obviate the congressional directive" that a sentence reduction must be consistent with the Sentencing Commission's policy statements. United States v. Wise, 515 F.3d 207, 221 n.11 (3d Cir. 2008). Accordingly, Booker provides no grounds for a sentence reduction pursuant to Amendment 709.